Sterne Kessler
STERNE KESSLER GOLDSTEIN & FOX

WILLIAM H. MILLIKEN
DIRECTOR
202.772.8854
WMILLIKEN@STERNEKESSLER.COM

April 1, 2024

Jarrett B. Perlow *Via ECF*
Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place NW
Room 401
Washington, D.C. 20439

Re: *Provisur Technologies, Inc. v. Weber, Inc.*, No. 2023-1438
Notice of Supplemental Authority

Dear Mr. Perlow:

Defendants-Appellants (collectively, "Weber") submit this letter pursuant to Rule 28(j) to draw the panel's attention to this Court's decision in *Weber, Inc. v. Provisur Technologies, Inc.*, 2022-1751, 2022-1813, 92 F.4th 1059 (Fed. Cir. 2024) (rehearing denied March 27, 2024), which disposes of certain issues raised in this appeal.

As explained in Weber's briefing, the 2022-1751 and 2022-1813 appeals stem from two IPR proceedings involving Provisur's '812 and '436 patents (which are also at issue in this appeal). Those patents claim a food slicer with a feed apparatus "disposed over" a loading apparatus. In the IPRs, the Board—at Provisur's urging—construed "'disposed over' to require that the feed apparatus and its conveyor belts and grippers are positioned above and in vertical and lateral alignment with" the loading apparatus. BBr. 14-15. The district court in the proceeding below adopted the Board's construction. *Id.* As Weber argued in its briefing, that exceedingly narrow construction should have led the jury to find that Weber's accused slicers do not infringe—no reasonable jury could have found otherwise. *Id.* at 14 n.3, 34-43; GBr. 3-12.

In the 2022-1751 and 2022-1813 appeals, however, a panel of this Court rejected the Board's narrow construction of "disposed over" in favor of Weber's proposed construction of "generally positioned above" and remanded for further proceedings. That holding moots Weber's non-infringement argument as to the

’812 and ’436 patents here. Accordingly, the arguments at pages 34-43 of Weber’s opening brief and pages 3-12 of its reply brief are now moot (though some of the material in those pages is still relevant insofar as it provides context for other arguments that remain in play).

To be clear, Weber’s non-infringement argument for the remaining patent at issue here (the ’936 patent) and Weber’s willfulness and damages arguments for all three patents remain live issues. Moreover, if the Board ultimately cancels the ’812 and ’436 patent claims on remand, Weber will be entitled to judgment of non-infringement and no willfulness of those patents, as one cannot infringe an invalid patent (willfully or otherwise).

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

/s/ *William H. Milliken*

William H. Milliken

cc: Counsel of Record