WILLKIE FARR & GALLAGHER LLP

300 North LaSalle
Chicago, IL 60654-3406
Tel: 312 728 9000
Fax: 312 728 9199

June 17, 2024

Jarrett B. Perlow
Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place NW
Room 401
Washington, D.C. 20439

Re: *Provisur Technologies, Inc. v. Weber, Inc.*, No. 2023-1438
Notice of Supplemental Authority

Dear Mr. Perlow,

Plaintiff-Appellee ("Provisur") submits this letter pursuant to Rule 28(j).

At oral argument on June 5, 2024, Weber for the first time argued that under this Court's cases pertaining to "reasonable capability of apparatus" claims, Provisur's trial evidence was "legally insufficient" to prove infringement by the SmartLoader because "you have to be Weber personnel in order to get into that interface" on the SmartLoader.

To respond to this new argument, Provisur respectfully provides the Court with supplemental authority that clarifies infringement occurs where the infringing capability is reached "by activating means that are already present in the underlying software." *Silicon Graphics, Inc. v. ATI Techs., Inc.*, 607 F.3d 784, 795 (Fed. Cir. 2010). Provisur is aware of no opinion holding that the employer of the person doing the activating is legally relevant.

Provisur notes that the jury in fact heard substantial evidence that a *user* could access the HMI parameters relevant to the infringement inquiry: Weber's technical expert Reinholtz confirmed that a "user is able to configure the front position[, rear position, and speed of

the belt of the conveyor] of the SmartLoader through the HMI." Appx42119 (1633:6–15). Provisur's expert, Vorst, inspected the product and testified to the same; product manuals and deposition testimony shown to the jury support this as well. Appx93779–93782; Appx41396–41405.[1] The only evidence that Weber personnel were required to adjust these parameters came from Weber's source code expert Valerdi who was not present for Vorst's inspection and was discredited because he could not even identify which version of source code he examined. Appx41934; Appx42554–42555. The Court need not reach Weber's newly-raised legal question; the facts before the jury support infringement even under Weber's desired (and novel) standard.

Provisur maintains that substantial evidence supports the jury's finding of infringement of the '936 patent.

Sincerely,

*/s/ Craig C. Martin*

Craig C. Martin

cc: Counsel of Record

[1] Additional trial evidence omitted from the Joint Appendix confirms that a user could access these HMI parameters. Should the Court request this additional trial evidence, Provisur would submit it.